IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-CR-293 |
| v. : | |
| : | (Chief Judge Kane) |
| ERIC HAYES, : | |
| : | |
| **Defendant** : | |

# MEMORANDUM

Before the Court are two motions filed by Defendant Eric Hayes, a motion for bill of particulars (Doc. No. 14) and a motion for *Kastigar* hearing (Doc. No. 15). The motions have been briefed, are ripe for disposition, and will be addressed in turn.

**I.     MOTION FOR BILL OF PARTICULARS  (Doc. No. 14)**

On July 25, 2007, a grand jury for the Middle District of Pennsylvania issued a three-count indictment against Defendant Hayes in the above-captioned case. (Doc. No. 1.) Because the third count of the indictment was consolidated for trial with a related case, United States v. Robinson et al., No. 1:05-CR-443 ("Robinson")[1] (Doc. Nos. 34 & 35), the Court will only address the first two counts of the 2007 indictment, both of which pertain to J.R., a female juvenile that Defendant Hayes is alleged to have trafficked in violation of 18 U.S.C. §§ 1951 and

---

[1] On December 8, 2005, Defendant Eric Hayes and several other defendants were indicted in United States v. Robinson, No. 1:05-CR-443, for their alleged involvement in a multi-year, nationwide conspiracy to engage in the interstate sex trafficking of women and other related crimes. Defendants Williams and Hayes proceeded to trial on October 1, 2007, and during the course of trial, Hayes and the Government stipulated that Count III of the indictment in the above-captioned case be submitted to the jury as part of Robinson. The Court queried Defendant Hayes about his decision to seek consolidation of the count, particularly after having successfully opposed the Government's motion to consolidate the above-captioned case with Robinson for the purposes of trial. Satisfied that Hayes appreciated the nature of his decision, the Court granted the joint request of Hayes and the Government and submitted Count III to the jury empaneled in Robinson. Thus, the request for a bill of particulars as to Count III is moot.

2423(a).[2]

      Defendant Hayes contends that a bill of particulars is necessary for him to adequately prepare a defense to the charges, to avoid surprise, and to protect against being subject to double jeopardy and a violation of any statute of limitations. (Doc. No. 14, ¶ 3.) In his motion, Hayes specifically requests that the Government detail "the factual basis for the offense, including the specific conduct personally committed by Defendant," provide a more precise date and time for each alleged act in support of the offense, and disclose the identity and contact information of any alleged accomplices or coconspirators. (Id. ¶ 2.)

      The United States has opposed the motion, contending that the indictment in this case places Hayes on sufficient notice of the charges against him and arguing that, when read in connection with the related 2005 superseding indictment in Robinson, the indictments provide far more detail than is required under the law. (Doc. No. 21, at 1, 3-4.) Additionally, the Government asserts that Hayes has requested information that has already been furnished or that would constitute pretrial discovery to which he is not entitled. (See generally Doc. No. 21.) Moreover, the Government argues that a bill of particulars in a case such as this – one in which

---

   [2] Count I of the 2007 indictment charges that on or about August 2003, Defendant Hayes violated 18 U.S.C. § 1591, titled sex trafficking of children or by force, fraud, or coercion, when he "knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, and obtained by any means a person, J.R., a juvenile, knowing that force fraud, and coercion would be used to cause J.R. to engage in a commercial sex act and knowing that J.R. [was a juvenile] and would be caused to engage in a commercial sex act." (Doc. No. 1, at 1-2); 18 U.S.C. § 1591. Count II charges Defendant Hayes with a violation of 18 U.S.C. § 2423(a), titled transportation of minors. (Doc. No. 1, at 3.) Specifically, it alleges that on or about August 2003, Defendant Hayes "knowingly transported and caused to be transported an individual, J.R., who was at the time under the age of 18 years, in interstate commerce from Toledo, Ohio, to Harrisburg, Pennsylvania, with the intent that J.R. engage in prostitution." (Id.); 18 U.S.C. § 2423(a).

extensive discovery has been disclosed – is particularly inappropriate. (Id.)

A court is authorized under Rule 7(f) of the Federal Rules of Criminal Procedure to direct the Government to file a bill of particulars, Fed. R. Crim. P. 7(f), in order to "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense," United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2004) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971)). When an indictment fails to perform these functions and "thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,'" a court generally will find that a bill of particulars should be issued. Id. at 771-72 (quoting United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989)). The Third Circuit has found that an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy. See Addonizio, 451 F.2d at 58 n.7; see also United States v. Eufrasio, 935 F.2d 553, 575 (3d Cir. 1991). The Third Circuit has recently emphasized that the need for a bill of particulars is obviated in those cases where the Government supplements a detailed charging document with substantial discovery. Urban, 404 F.3d at 772. In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972).

With the foregoing considerations in mind, the Court concludes that Defendant Hayes has not demonstrated the need for a bill of particulars in this case. The 2007 indictment against

extensive discovery has been disclosed – is particularly inappropriate. (Id.)

A court is authorized under Rule 7(f) of the Federal Rules of Criminal Procedure to direct the Government to file a bill of particulars, Fed. R. Crim. P. 7(f), in order to "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense," United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2004) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971)). When an indictment fails to perform these functions and "thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,'" a court generally will find that a bill of particulars should be issued. Id. at 771-72 (quoting United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989)). The Third Circuit has found that an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy. See Addonizio, 451 F.2d at 58 n.7; see also United States v. Eufrasio, 935 F.2d 553, 575 (3d Cir. 1991). The Third Circuit has recently emphasized that the need for a bill of particulars is obviated in those cases where the Government supplements a detailed charging document with substantial discovery. Urban, 404 F.3d at 772. In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972).

With the foregoing considerations in mind, the Court concludes that Defendant Hayes has not demonstrated the need for a bill of particulars in this case. The 2007 indictment against

Hayes substantially follows the language of the statues he allegedly violated, and when understood in the context of the overarching conspiracy that was charged in Robinson, Hayes has ample information regarding the more recent charges and the identities of any accomplices and coconspirators. Moreover, the Government has provided Hayes with substantial discovery in Robinson, some of which pertains to the charges asserted against Hayes in the above-captioned case. For example, because J.R. testified in Robinson, Hayes has received all Jencks Act materials pertaining to her and has even had the opportunity to cross-examine her.

Accordingly, upon consideration of the 2007 indictment in the above-captioned case, the information contained in the 2005 superseding indictment in Robinson, the substantial discovery that has been made available in Robinson that relates to J.R. and the instant charges, and Defendant Hayes's failure to persuade the Court that a bill of particulars is either necessary or warranted in this case, the motion for bill of particulars will be denied.

II.   **MOTION FOR *KASTIGAR* HEARING (Doc. No. 15)**

On May 23, 2006, Hayes met with the Government and made a proffer to the Government with the hopes that a mutually acceptable plea agreement could be reached in Robinson. (Doc. No. 22, at 1; see also Doc. No. 15, at 2 ¶ 5 and 4-5.) Hayes ultimately rejected that plea agreement and chose to assert his trial rights in Robinson. (Doc. No. 22, at 1.) Hayes believes that the Government has made improper use of the statements made during the May 2006 proffer session to develop the charges pertaining to J.R. and D.F. contained in the July 2007 indictment. Accordingly, he requested that the Court conduct a *Kastigar* hearing to determine whether "all or part of the evidence the Government has obtained [relating to J.R. and D.F.] as to [Counts I-III of the 2007 indictment] is based on, or derived from, a proffer made by Defendant

in support of plea negotiations with the United States, which was given pursuant to an informal grant of immunity by the United States during the pendency of a prosecution for similar charges [in Robinson]."[3]  (Doc. No. 15, ¶ 4); see also Kastigar v. United States, 406 U.S. 441 (1972).  Without conceding that any *Kastigar* violation occurred, the Government urged the Court to review the documentary evidence and to hold a *Kastigar* hearing to take additional testimony, confident that the Court would find that the Government had not made improper use of any of the information provided by Hayes in his May 23, 2006, proffer.  (Doc. No. 22, at 2-3, 7-9.)[4]

On October 1, 2007, the Court held a *Kastigar* hearing during which the Court received the testimony of Christopher D. Kegerreis, a Special Agent with the Federal Bureau of Investigation who was involved in the investigation and preparation of the Robinson.  Special Agent Kegerreis testified that he was aware of J.R. and D.F. and their relationship with Defendant Hayes prior to the issuance of the December 2005 superseding indictment in Robinson.  In particular, Special Agent Kegerreis discussed knowledge of Western Union wire transfers between D.F. and Hayes, an incident where D.F. and Angela Pitt were involved in a traffic accident when Hayes came to the police barracks for them, and testimony given by Angela Pitt before the grand jury linking Defendant Hayes with J.R. and D.F. and identifying the same as

---

[3] In particular, Defendant Hayes explains that the informal grant of immunity contained in the Government's proffer letter was ambiguous and unclear, that his former counsel inadequately explained to him the scope of the immunity being offered, and that he therefore did not knowingly and intelligently waive his Fifth Amendment right to be free from self incrimination.  (Doc. No. 15, ¶ 5.)

[4] The Government restated its position that it was ready and willing to establish that its evidence was not tainted from any of Hayes's statements during the proffer session when the motion for a *Kastigar* hearing was raised during a pre-trial conference held in Robinson on September 25, 2007.  The Court briefly heard argument on the matter at that time.

prostitutes working for Defendant Hayes.  Special Agent Kegerreis represented, under oath, that the information proffered by Hayes was not used to gather additional evidence against him, nor did it influence the decision to charge him with additional crimes.

      The Court finds Special Agent Kegerreis to be credible, and that his testimony refutes Hayes's claims that his proffer was used to cultivate evidence.  Having considered the briefs as well as the Government's proffer during the October 1, 2007, hearing, the Court finds that the Government was aware of J.R. and D.F. and their relationship to Defendant Hayes prior to his proffer and developed the evidence underlying the recent charges independently of any information provided in the May 23, 2006, proffer.  The Court finds that the Government did not make use or derivative use of Defendant Hayes's proffered statements, and that any motion to suppress evidence or to dismiss the indictment on that basis is unfounded.

      An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-CR-293 |
| v. : | |
| : | (Chief Judge Kane) |
| ERIC HAYES, : | |
| : | |
| **Defendant** : | |

## ORDER

**AND NOW**, this 19th day of October, 2007, **IT IS HEREBY ORDERED** that Defendant Hayes's motion for bill of particulars (Doc. No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Hayes's motion for a *Kastigar* hearing (Doc. No. 15) is **GRANTED** in so far as the Court has held a *Kastigar* hearing; however, any request that evidence be suppressed is **DENIED** because the Court finds that the evidence at issue was not tainted by statements made by Hayes during his proffer session with the Government.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania